# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| PATRICK SCHOTTER, on behalf of himself and others similarly situated, | ) ) ) ) | CASE NO. 5:23-cv-1909 |
| PLAINTIFF, | ) ) ) | JUDGE SARA LIOI |
| vs. | ) ) ) | MEMORANDUM OPINION AND ORDER |
| THOMAS THOR LLC, INC. d/b/a THOMAS THOR ASSOCIATES, | ) ) ) | |
| DEFENDANT. | ) | |

Before the Court is the motion of the defendant, Thomas Thor LLC ("Thomas Thor" or "defendant"), to compel arbitration and dismiss the present complaint or, in the alternative, to stay the proceedings. (Doc. No. 7.) In its motion, the defendant attached its original employment agreement with Patrick Schotter ("Schotter" or "plaintiff") (Doc. No. 7-1) and the parties' subsequent amendment to that agreement. (Doc. No. 7-2.) In response to the defendant's motion, Schotter filed a notice of non-opposition, stating that he "is not opposed to the Court dismissing his claim without prejudice." (Doc. No. 8, at 1 (emphasis omitted).) For the reasons stated below, Thomas Thor's motion is GRANTED and the case is dismissed without prejudice.

## I. BACKGROUND

According to defendant's uncontested motion, Schotter signed an employment agreement with Thomas Thor at the onset of his employment. (Doc. No. 7, at 3.) The employment agreement contains a provision requiring Schotter to pursue "any and all disputes, claims or controversies, which may arise or have arisen between [himself] and [Thomas Thor] with regards to [his]

employment" through arbitration. (Doc. No. 7-1 ¶ 20.) The provision explicitly "prohibit[ed] [Schotter] from filing, opting into, becoming a class member in, or recovering through a class action, collective action, representative action, or similar proceeding in court." (*Id.*) As a final point, the provision also explicitly covers claims "arising or that have arisen under the Fair Labor Standards Act or under similar state wage and hour laws[.]" (*Id.*)

Despite the general and specific restrictions imposed by the employment agreement, Schotter filed the present complaint on September 29, 2023. (Doc. No. 1.) Schotter's complaint sought relief for himself and other "[s]traight [t]ime [e]mployees[]" of the defendant under the Fair Labor Standards Act ("FLSA"). (*Id.* ¶ 132.) On October 26, 2023, Thomas Thor filed the present motion to compel arbitration and dismiss the case due to the terms of the employment agreement (Doc. No. 7) and on November 30, 2023, Schotter filed a notice of non-opposition. (Doc. No. 8.)

## II.    LAW AND ANALYSIS

The defendant's motion does not explicitly reference what Federal Rule of Civil Procedure grants the Court authority to dismiss Schotter's complaint. (*See generally* Doc. No. 7.) The Sixth Circuit, however, has instructed district courts that "a motion to dismiss pursuant to an arbitration agreement should . . . be construed as a Rule 12(b)(6) motion[.]" *Knight v. Idea Buyer, LLC*, 723 F. App'x 300, 301 (6th Cir. 2018) (citing *Teamsters Local Union 480 v. United Parcel Serv., Inc.*, 748 F.3d 281, 286 (6th Cir. 2014)). Under that standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

Moving to the analysis of the arbitration agreement, the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.*, manifests "a liberal federal policy favoring arbitration agreements[.]" *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983); *see Seawright v. Am. Gen. Fin. Servs., Inc.*, 507 F.3d 967, 972 (6th Cir. 2007) (Section 2 of the FAA "'embodies the national policy favoring arbitration and places arbitration agreements on equal footing with all other contracts.'") (quoting *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443, 126 S. Ct. 1204, 163 L. Ed. 2d 1038 (2006)).

When the nonmoving party does not object to a motion to compel, district courts do not need to conduct the familiar four prong test for compelling an *unwilling* party into arbitration.[1] *See, e.g.*, *Zube v. Ecolab, Inc.*, No. 22-cv-13111, 2023 WL 2652781, at *1 (E.D. Mich. Mar. 27, 2023) (granting an unopposed motion to compel arbitration after conducting a simplified analysis). Instead, courts merely need to confirm that "the dispute is arbitrable, meaning that a valid agreement to arbitrate exists between the parties and that the dispute at issue falls within the scope of that agreement." *Id.* (citing *Mazera v. Varsity Ford Mgmt. Svs., LLC*, 565 F.3d 997, 1001 (6th Cir. 2009)).

Here, Schotter does not contest either prong. In light of plaintiff's lack of objection, the Court finds the parties' employment agreement, including the arbitration provision (Doc. No. 7-1 ¶ 20), valid. Further, the Court finds that the dispute at issue falls within the scope of the agreement. Thus, the Court finds the present dispute arbitrable.

---

[1] The Sixth Circuit's four part test requires courts to: (1) "determine whether the parties agreed to arbitrate"; (2) "determine the scope of that agreement"; (3) "if federal statutory claims are asserted, [the Court] must consider whether Congress intended those claims to be nonarbitrable"; and (4), "if the court concludes that some, but not all, of the claims in the action are subject to arbitration, it must determine whether to stay the remainder of the proceedings pending arbitration." *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000).

3

There still remains a question whether this case should be dismissed or stayed pending arbitration. Generally speaking, when a litigant files a motion to compel arbitration under the FAA, the proper procedure is for the district court to stay the case until the completion of the arbitration. *See Javitch v. First Union Sec., Inc*., 315 F.3d 619, 624 (6th Cir. 2003) ("To enforce this dictate, [the FAA] provides for a stay of proceedings when an issue is referable to arbitration and for orders compelling arbitration when one party has failed or refused to comply with an arbitration agreement.")

There are likely exceptions to this general rule. *See Arabian Motors Grp. W.L.L. v. Ford Motor Co.*, 19 F.4th 938, 942 (6th Cir. 2021); *see also Knight*, 723 F. App'x at 302 (upholding a district court's dismissal of a case after compelling arbitration without mentioning a stay). In *Arabian Motors*, the Sixth Circuit held that the district court erred by denying a litigant's request to stay the case pending arbitration. *See id*. In that case, the Sixth Circuit also considered, but did not decide on, what situations, if any, a district court could dismiss a case pursuant to the FAA. *Id*. Among other hypotheticals, the Sixth Circuit explicitly mentioned "situation[s] in which both parties request a dismissal[]" and "situation[s] in which neither party asks for a stay." *Id*. The Sixth Circuit has not addressed this specific issue since *Arabian Motors*, but district courts within the Circuit have dismissed cases that fit within these hypotheticals. *See, e.g.*, *King v. Commemorative Brands, Inc.*, No. 3:22-cv-294, 2022 WL 3045009, at *2 (W.D. Ky. Aug. 2, 2022) (dismissing the case after granting an unopposed motion to compel arbitration); *Ross v. Subcontracting Concepts, LLC*, No. 20-cv-12994, 2021 WL 6072593, at *8 n.4 (E.D. Mich. Dec. 23, 2021) (dismissing an FLSA case where there was an applicable arbitration agreement and "no party moved to stay the action"); *Mannor v. Amerilodge Grp., LLC*, No. 2:21-cv-11378, 2022 WL 2867182, at *7 n.8 (E.D.

4

Mich. July 20, 2022) (same for claims under the Americans with Disabilities Act and the FLSA).

While neither of the hypothetical exceptions mentioned in *Arabian Motors* are exactly on point here, this case clearly falls within the spirit of the exceptions discussed in that case. First, while Schotter did not "request" for this case to be dismissed, in his notice of non-opposition he stated that he "is not opposed to the Court dismissing his [sole] claim without prejudice." (Doc. No. 8, at 1 (emphasis removed).) Any distinction between this case's procedural posture and the one discussed in *Arabian Motors* is one without a difference.

To the second hypothetical, while the defendant's motion does mention a stay, it only requested this as an alternative measure in the event the Court declines to dismiss the case. (*See* Doc. No. 7, at 1.) Schotter responded by filing a notice stating that he did not oppose the Court dismissing his claim without prejudice. (Doc. No. 8, at 1.) He did not even mention the alternative measure of a stay. (*Id.*) In this way, the present action is similar to the uncontested motion to compel in *King*, and the Court's decision will be the same: granting the defendant's motion to compel and dismissing the case without prejudice. *See* 2022 WL 3045009, at *2.

### III.  CONCLUSION

For all of the foregoing reasons, defendant's motion to compel arbitration is granted. The parties shall proceed to bilateral arbitration before a neutral arbitrator in accordance with the parties' agreement. Additionally, this case is dismissed without prejudice.

**IT IS SO ORDERED**.

Dated: December 19, 2023

_____
**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**